1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

SCOTT ALLEN FISCHER,

               Petitioner,

11

    v.

12

JEFFEREY PERKINS,

13

               Respondent.

14

CASE NO. 2:25-cv-00794-BHS-GJL

REPORT AND RECOMMENDATION

Noting Date: **May 27, 2025**

15    The District Court has referred this 28 U.S.C § 2254 habeas action to United States

16    Magistrate Judge Grady J. Leupold. Petitioner Scott Allen Fischer, proceeding *pro se*, has paid

17    the filing fee and filed a federal habeas Petition. Dkt. 1. Upon review, the undersigned concludes

18    the Petition is an unauthorized successive petition for which this Court lacks jurisdiction.

19    Accordingly, the undersigned **DECLINES** to order service upon Respondent pursuant to

20    Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules") and, instead, recommends the

21    Petition (Dkt. 1) be **DISMISSED without prejudice**.

**I.      BACKGROUND**

23    Petitioner, who is currently in custody at Coyote Ridge Corrections Center, challenges his

24    state court conviction for aggravated murder and resulting life sentence of imprisonment entered

in *State of Washington v. Scott Allen Fischer*, Superior Court of Washington for Snohomish County Case No. 01-1-00168. Dkt. 1 at 1. Petitioner asserts two Grounds for federal habeas relief from this conviction and sentence. *Id.* at 5–8.

In Ground One, Petitioner alleges his vehicle, which contained crucial evidence for his conviction, was seized without a warrant in violation of the Fourth Amendment to the United States Constitution. *Id.* at 5. Petitioner asserts that, though investigators obtained signed permission to search the vehicle from Petitioner's wife, they exceeded the scope of that consent when they removed the vehicle from Petitioner's property to perform the search. *Id.*

In Ground Two, Petitioner alleges that "[t]he State fabricated false and fraudulent evidence to conceal the illegal seizure of [his] vehicle." *Id.* at 7. He alleges than an investigator lied in a document provided to Petitioner and his trial counsel, which stated that Petitioner's vehicle was seized pursuant to a valid warrant. *Id.* Petitioner explains he was unaware of the falsity of this statement "until recently," which prevented him from discovering the alleged Fourth Amendment violation and from seeking suppression of evidence derived from his unlawfully seized vehicle at trial. *Id.* at 7, 13–14.

Petitioner previously filed a federal habeas petition challenging the same underlying state court conviction and sentence. *See Fischer v. State of Washington*, No. 2:20-cv-0051-TSZ (W.D. Wash. filed Jan. 13, 2020) (hereinafter "First Petition"). In his First Petition, Petitioner raised four grounds for relief alleging violations of the Fifth and Thirteenth Amendments and asserting that the State of Washington was in "willful defiance" of the United States Constitution. *See Fischer*, No. 2:20-cv-0051-TSZ, Dkt. 1 at 5–12. After concluding it was time barred under 28 U.S.C. § 2244(d), the Court dismissed the First Petition *with prejudice*. *Id.* at Dkts. 5, 6.[1]

---

[1] In dismissing the First Petition as time barred, the District Court adopted in part and modified in part the Report and Recommendation to dismiss the First Petition without prejudice for failure to exhaust state court remedies. *Id.* at Dkt. 4, 5. The District Court explained that a footnote within the Report and Recommendation, which discussed the

1    Thereafter, Petitioner attempted to appeal the dismissal of his First Petition. *Id.* at Dkt. 7

2   (Notice of Appeal). However, on May 15, 2020, the Ninth Circuit denied Petitioner's request for

3   a certificate of appealability, concluding that Petitioner had not shown a reasonable jurist would

4   debate that the District Court was correct in its ruling or that that his First Petition was without

5   merit. *Id.* at Dkt. 11 (Mandate/Order of USCA No. 20-35253).

6    Nearly five years later, Petitioner filed the instant action. Dkt. 1. The Court now screens

7   his Petition to determine whether ordering service upon Respondent is appropriate.

8   ## II.    LEGAL STANDARD

9    Under Rule 4 of the Habeas Rules, the Court is required to perform a preliminary review

10  of a habeas petition. The Rule directs the Court to dismiss a habeas petition before the

11  respondent is ordered to file a response, if it "plainly appears from the petition and any attached

12  exhibits that the petitioner is not entitled to relief in the district court." Dismissal under Rule 4

13  "is required on procedural grounds, such as failure to exhaust or untimeliness, or on substantive

14  grounds where the claims are 'vague,' 'conclusory,' 'palpably' incredible,' or 'patently frivolous

15  or false.'" *Neiss v. Bludworth*, 114 F.4th 1038 (9th Cir. 2024) (quoting *Blackledge v. Allison*, 431

16  U.S. 63, 75–76 (1977)). Before dismissing a petition under Rule 4, however, district courts must

17  provide habeas petitioners notice of the grounds for dismissal and an opportunity to be heard.

18  *Race v. Salmonsen,* 131 F.4th 792, 794 (9th Cir. 2025) (reversing *sua sponte* dismissal under

19  Rule 4 where petitioner received first notice of untimeliness in final order of dismissal).

20   A petition must also comply with the other Habeas Rules. Rule 9 of the Habeas Rules

21  request that "[b]efore presenting a second or successive petition," a petitioner "must obtain an

22  order from the appropriate court of appeals authorizing the district court to consider the petition."

23

24

---

untimeliness of the First Petition, and the fourteen-day objection period provided Petitioner with sufficient notice and opportunity to be heard on the alternative ground for dismissal. *Id.* at Dkt. 5 at 2.

1    *Id.* (citing 28 U.S.C. § 2244(b)(3) and (4)). Failure to do so deprives the district court of

2    jurisdiction over a successive petition. *See Magwood v. Paterson*, 561 U.S. 320, 331 (2010).

3                    **III.      DISCUSSION**

4            The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a

5    gatekeeper function that requires successive § 2254 petitions be dismissed unless they meet one

6    of the exceptions outlined in 28 U.S.C. § 2244(b)(2). "The bar of successive petitions applies

7    only to petitions adjudicated and denied on the merits in the previous federal habeas corpus

8    proceeding." *Turner v. Terhune*, 78 F. App'x 29, 30 (9th Cir. 2003) (citing *Steward v. Martinez-*

9    *Villareal*, 523 U.S. 637, 645 (1998)). "A disposition is 'on the merits' if the district court either

10   considers and rejects the claims or determines that the underlying claim will not be considered

11   by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing *Howard v.*

12   *Lewis*, 905 F.3d 1318, 1322 (9th Cir. 1990)). An adjudication on the merits occurs when a

13   petition is dismissed with prejudice based on a defect that forecloses federal review. *McNabb*,

14   576 F.3d at 1029. Therefore, when a prior habeas petition is dismissed as untimely, the dismissal

15   results in a permanent bar on successive petitions. *Id.* at 1030.

16           Even so, "[a new] habeas petition is second or successive only if it raises claims that were

17   or could have been adjudicated on the merits" in the prior petition. *Id.* at 1029; *see also* 28

18   U.S.C. § 2244 (claims are successive and barred unless the petitioner shows the claim "relies on

19   a new rule of constitutional law" or "the factual predicate for the claim could not have been

20   discovered previously through the exercise of due diligence.").

21           Before a petitioner is allowed to file a second or successive petition, he must obtain an

22   order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C.

23   § 2244(b)(3); Rule 9 of the Habeas Rules; Ninth Circuit Rule 22-3; *Woods v. Carey*, 525 F.3d

24   886, 888 (9th Cir. 2008). In the absence of such an order authorizing review, a district court

1    lacks jurisdiction to consider a successive petition. *See Magwood*, 561 U.S. at 331; *Burton v.*

2    *Stewart*, 549 U.S. 147, 157 (2007).

3         Accordingly, to determine whether it has jurisdiction over a potentially successive

4    petition, the Court must assess: (1) whether the prior petition was adjudicated on the merits, (2)

5    whether the habeas claims raised in the new petition were or could have been raised in the prior

6    petition and (3) whether the petitioner obtained permission to file the new petition. *Id.* If the first

7    and second questions are answered in the affirmative, the answer to the final question must also

8    be "yes." Otherwise, the Court lacks jurisdiction, and the successive petition must be dismissed.

9         Here, the answer to the first question is "yes"—Petitioner's First Petition was dismissed

10   with prejudice as time barred. *Fischer*, No. 2:20-cv-0051-TSZ at Dkt. 5; *McNabb*, 576 F.3d at

11   1029–30. So, the Court proceeds to the second question: could Petitioner have raised the habeas

12   claims brought in the instant Petition in his First Petition? The answer to that question is also

13   "yes"—both Grounds for relief raised here could have been raised in the First Petition.

14        Assuming Petitioner's vehicle was seized without a valid warrant, as alleged in Ground

15   One, and assuming further that an investigator later lied about having a warrant, as alleged in

16   Ground Two, Petitioner simply fails to show why either Ground could not have been raised in

17   his First Petition. To accomplish this, Petitioner must show he was not aware of and could not

18   have reasonably discovered information about the alleged unlawful seizure and false statement

19   when he filed his First Petition in 2020. 28 U.S.C. § 2244; *Griffin v. Kirkpatrick*, No. 1:08-cv-

20   00886-LJV-MJR, 2022 WL 2758003, at *5 (W.D.N.Y. Mar. 25, 2022), *report and*

21   *recommendation adopted*, 2022 WL 2207178 (W.D.N.Y. June 21, 2022) (noting Circuit Court

22   denied leave to file successive petition where there was no indication factual predicate of Fourth

23   Amendment claim was unknown or previously undiscoverable); *Younger v. Snyder*, No. 94-cv-

24

REPORT AND RECOMMENDATION - 5

687-SLR, 1995 WL 761771, at *5 (D. Del. Dec. 7, 1995) (dismissing Fourth Amendment claim as successive where there was no indication it could not have been brought in prior petition).

Throughout his Petition, Petitioner argues that the investigator's false statement, by design, prevented him from discovering that his vehicle was seized without a valid warrant and beyond the scope of any warrant exception obtained through his wife's consent. Dkt. 1 at 5, 7, 13–14. But within this very argument, Petitioner identifies a possible avenue for discovering the alleged falsity and unlawful seizure: by discussing the matter with his wife either during his 2001 criminal prosecution or in the decades to follow. Moreover, in a decision rejecting this same argument by Petitioner, the Washington State Supreme Court Commissioner persuasively reasoned that:

> [Petitioner] asserts that a "follow-up" report by a detective falsely stated that the searched car had been seized pursuant to a warrant when in fact the warrant was for a different car. But he fails to show that any circumstances beyond his control prevented him from discovering this fact until now in the 20 plus years since his conviction. He contends he was entitled to rely on the report as true, **but this assertion begs the question of why he eventually looked into whether the document was true** *and why he took so long to do so*.

Dkt. 1-1 at 3 (Ruling Denying Review, Washington State Supreme Court Case No. 103382-6) (emphasis added). Because both Grounds raised in the Petition were previously discoverable and could have been raised when Petitioner filed his First Petition in 2020, the instant Petition is successive.

Therefore, the Court proceeds to the final question: did Petitioner obtain permission before filing his successive Petition? The answer is "no." There is no allegation or evidence Petitioner obtained permission from the Ninth Circuit Court of Appeals before filing the instant Petition. Because Petitioner did not obtain leave before filing his successive Petition, this action must be dismissed for lack of jurisdiction.

## IV.    CERTIFICATE OF APPEALABILITY

A petitioner may only appeal the dismissal of their § 2254 petition after obtaining a certificate of appealability from a district or circuit judge. *See* 28 U.S.C. § (c). "A certificate of appealability may issue…only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In this case, reasonable jurists would not debate that the Petition is successive or that it should be dismissed for lack of jurisdiction. As a result, Petitioner is not entitled to a certificate of appealability from the District Judge.

## V.    CONCLUSION

For the reasons outlined above, the Court lacks jurisdiction over Petitioner's successive Petition. Thus, in accordance with Rule 4 of the Habeas Rules, the undersigned declines to serve the Petition and, instead, recommends this action be **DISMISSED without prejudice**. It is further recommended that a certificate of appealability be **DENIED** in this case.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from the service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the District Judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating

1    the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on

2    **May 27, 2025,** as noted in the caption.

3

4       Dated this 12th day of May, 2025.

5

6  _____

7  Grady J. Leupold
    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 8