UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT ALLEN FISCHER,

Petitioner,

v.

JEFFERY PERKINS,

Respondent.

CASE NO. C25-0794 BHS GJL

ORDER

THIS MATTER comes before the Court on Magistrate Judge Grady J. Leupold's Report and Recommendation (R&R), Dkt. 10, recommending the Court deny without prejudice pro se petitioner Scott Fischer's § 2254 habeas petition, Dkt. 1, deny a § 2253(c) Certificate of Appealability, and close the case. It correctly concludes that this is a second or successive petition, filed without the Ninth Circuit's required authorization. *Id*. at 4–5.

Judge Thomas Zilly denied and dismissed with prejudice Fischer's first habeas petition as time barred in 2020. *See Fischer v. State of Washington*, No. 2:20-cv-0051-TSZ (W.D. Wash. Jan. 13, 2020). Fischer appealed but the Ninth Circuit denied a certificate of appealability and dismissed the appeal. *Id.*, Dkt. 11 (Mandate/Order of USCA No. 20-35253).

A district court "shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). It must modify or set aside any portion of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

A proper objection requires "specific written objections to the proposed findings and recommendations" in the R&R. Fed. R. Civ. P. 72(b)(2). In providing for a de novo determination, Congress "intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Thus, the district court is required only to indicate that it reviewed the record de novo and found no merit to the objections in order to summarily adopt the R&R's analysis. *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). The district court is not obligated to "expressly address" every objection. *Id.* at 437.

A petitioner may not bring a second or successive habeas petition without permission from the Court of Appeals. 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2254 Rule 9. A second or successive petition is one with "claims contesting the same custody imposed by the same judgment of a state court." *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

Fisher has objected to the R&R, but he has not addressed this rule or the R&R's discussion and application of it. Instead, he reiterates his claim that some 25 years ago, a vehicle was searched without a warrant.

The R&R is neither clearly erroneous nor contrary to law. A second or successive habeas petition must be addressed to the Ninth Circuit in the first instance; this Court has no jurisdiction over such a petition. § 2254(b)(3)(A). Fisher's objections are **OVERRULED**. The R&R is **ADOPTED.** Fisher's habeas petition, Dkt. 1, is **DENIED**. The case is **DISMSSED**. The Court will **NOT** issue a § 2253(c) Certificate of Appealability for the reasons outlined in the R&R.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

Dated this 27th day of May, 2025.

BENJAMIN H. SETTLE
United States District Judge